## BENJAMIN et al. v. STANLEY CO. OF AMERICA et al.

District Court, E. D. Pennsylvania.
February 13, 1930.

No. 5579.

J. Jerome Katz, of Philadelphia, Pa., for plaintiffs.

Hirschwald, Goff & Davis and Wolf, Block, Schorr & Solis-Cohen, all of Philadelphia, Pa., for defendants.

DICKINSON, District Judge. This is a motion to dismiss. The third ground of the motion is that "the Bill X X shows on its face" that this court has no jurisdiction to entertain it. This is an inaccurate because overstatement. The bill, on its face, does not show that this court does not have jurisdiction, but it fails to set forth averments of the facts upon which such jurisdiction depends. In other words, there are no jurisdictional facts averred. The only basis of jurisdiction is in the fact of the diversity of citizenship which, under article 111, § 2, of the Constitution, confers jurisdiction, and that the value of what is in controversy reaches the jurisdictional sum prescribed by the Judicial Code. The most cursory reading of the bill, however, shows that jurisdiction in all probability exists. One defendant may be averred to be a citizen of Delaware and the other of New York. The plaintiffs may be citizens of Pennsylvania. If so, and the controversy reaches a money value exceeding $3,000, there is jurisdiction. We assume the omission of the jurisdictional averments to have been an inadvertence due perhaps to the circumstance that the bill is in large part a copy of one filed in the state court and removed to this court.

We must sustain the motion to dismiss on this ground, but do so subject to the right of the plaintiff to amend and refrain from entering any decree for 15 days, so that plaintiffs may amend if they so desire.

The motion raises the further question of whether the plaintiffs have averred facts out of which a cause of action arises against the defendant on whose behalf the motion is made. This is a question of pleading, and the distinction between what a plaintiff may aver and what he may be able to prove at the trial must be kept in mind.

The fact situation as averred, of which the plaintiffs complain, is that they leased a portion of premises occupied by several tenants, with the right to conduct "A men's Haberdashery Store" without the trade competition of any other tenant of any part of the premises, and that another tenant has set up such competition. This right was secured to the plaintiffs by the covenant of the landlord that no lease would be made to any tenant of any part of the premises for "a men's haberdashery store." The landlord and the competing tenant have been made joint defendants.

The first ground of the motion to dismiss is that there is a misjoinder, and this goes to the whole question here raised, except that there is included in it what has been made the second ground, that the bill discloses no cause of action against the tenant defendant. It must be admitted that a joint action can be supported only on the basis of a joint liability, so that a landlord and tenant could not ordinarily be joined. Mere multifariousness is however no longer an objection to a bill. Plaintiffs are not only now permitted, but are invited to join in one bill all the subjects of complaint which they have against a defendant, and by the same token to make parties to the bill all persons whose subjection to the jurisdiction of the court is necessary to a decree. So elastic are the present Equity Rules that even persons against whom no relief is sought may be named among the defendants. The Equity Rules make this phase of the question so clear that discussion is forestalled. Equity Rules 26, 37, 39, 40, 42, 43 and 44 (28 USCA § 723).

At the same time the distinctions between joint and several actions are just as clearly preserved. A plaintiff with a several right of action in himself and a joint right of action held by him and another could not join the two in one bill, nor could a defendant, who was severally liable, be joined with another defendant who was likewise severally liable, as if they two were jointly liable. Joint defendants must still be jointly liable, although this does not prohibit defendants not jointly liable being joined as defendants on one bill, if their being made parties to the bill is necessary to a decree. This works no confusion in equity procedure as it might in actions at law, because in equity there are no parties plaintiff or parties defendant as at law, but all are simply parties. Procedure and processes in equity are sufficiently plastic to be moulded to fit any situation. This remains true, notwithstanding that the closer and closer approach which equity and law have of late years made to each other

has so far eliminated nearly all differences between them that all which can now be said of such differences is that equity and law are different ways of practicing law; and even this difference is reduced almost to that of the right to a trial by jury. Legal literature has thus come to use the phrases parties plaintiff and defendant in equity as at law. None the less if we wish to understand what is under discussion, we must have these distinctions in mind.

In the very nature of things, the wrong of which the plaintiff complains arises out of the act of a tenant or tenants because the complaint is of an intrusion upon his trade. The tenant may thus be made a defendant, and the landlord, or any one who is a party with the tenant, to the doing of the wrong, may properly be joined with him. A tenant, for illustration, who had protected himself in the enjoyment of a leasehold estate, undisturbed by occupations which were obnoxious to him, by a covenant of his landlord that the premises adjacent to him should not be used for any of the forbidden purposes, if the adjoining premises were leased to a tenant to be and were so used, both landlord and infringing tenant, with knowledge, we think, could and should be joined in a restraining bill as defendant. There would be such concert of action as to make landlord and tenant properly defendants, and such an interest of the complainant in the adjacent property as he could assert subject to the requirement that he make all having adverse interests and a consequent right to be heard, parties to the bill.

■ Under the guidance of these general principles, let us go to this bill. Its substantial averments are (1) that the Stanley Company, one of the defendants, owns the premises known as the Earle Theater Building, made up inter alia of rooms for retail store purposes; that (2) it leased one of these stores to the Sarnoff-Irving Company, the other defendant, for trade purposes, limited to the sale of hats and caps only; that (3) the plaintiffs, as prospective tenants of another store being engaged in the haberdashery business wishing to enjoy the benefit and advantage of a monopoly, in their line, of the business done in what we will call the Earle Block, bargained for and received a lease with the covenant that no lease would be given any other tenant to conduct "a men's haberdashery store"; that (4) the Sarnoff-Irving Company has infringed the plaintiffs' monopoly trade rights by going outside the trade in hats and caps to which it was restricted and is conducting "a men's haber-

dashery store"; and that (5) demand has been made without avail upon the Sarnoff-Irving Company to desist and upon the Stanley Company to compel desistance from such sales. There are further averments to the effect that each of the store tenants had an interest in the general plan known to all that there should be no competition among the several tenants, and to this end each (including the Sarnoff-Irving Company) had covenanted with the landlord "not to sell or deal in any articles, sold by the other lessees," in the benefit of which covenant every lessee shared. There are other averments, but they serve only to give color to those we have outlined.

The prayers of the bill are:

1. For an injunction against the Sarnoff-Irving Company to require it to cease conducting "a men's haberdashery business," and to limit its sales to hats and caps.

2. For an injunction against the Stanley Company to restrain them from "permitting" any tenant of the building to do a men's haberdashery store business (otherwise than in the sale of hats and caps).

3. The usual general relief prayer.

■ We have made this full and indeed overlong analysis of this bill to make it clear that the plaintiffs are complaining of two separate, distinct, and several wrongs, one arising out of the act of one defendant; the other out of the act of the other defendant, and that there is no suggestion of a joint act or concerted action. One defendant is selling what the plaintiffs claim to be their exclusive right to sell. This is a wrong and injury to the plaintiffs. The other defendant has not compelled, as it should have done, its codefendant to desist from making these sales. A bill cannot be maintained against two several defendants on separate causes of action. A joint bill calls for some averment of a concert of action. As, however, the bill is open to amendment in this or any of its features, the question raised by the second ground upon which this motion is made remains. Does the bill set forth a cause of action against the defendant tenant? In substance it is that the defendant is against equity and good conscience, infringing upon the exclusive right of the plaintiffs to sell a certain line of goods, and an injunction is prayed for. The only obstacle to maintaining the bill is the old familiar one that a legal remedy exists. We are unable to say, however, that an action at law would be a full, adequate, and complete remedy. The plaintiffs ask for an injunction, and this the courts of law cannot grant. We cannot say that a

verdict in damages would prove to be a good substitute.

Unless an amendment is made within 15 days, the parties may submit a decree dismissing the bill. If an amendment is made, leave is granted the defendant to renew its motion to dismiss; otherwise to answer over to the bill within the time limited by the Equity Rules and the rules of this court.

At the cost of lengthening an already overlong opinion, we venture upon one more comment. Counsel have (for which we are grateful) given us the benefit of a full discussion of everything which enters into the merits of this case. Counsel are not to be criticized, but commended, for studying and making themselves familiar with all the fact features of a case. In saturating the mind with details, there is danger, however, of being blinded to the broader fact features. This we suppose is what is meant by the familiar saying that one's view of the forest may be shut out by the trees.

From what we learned at the argument at bar, and have gathered from the paper books, there would seem to be room for the averment, whether it can be proved or not, that the tenant defendant was restricted to the sale of hats and caps, and that the plaintiffs had the exclusive right to do "a men's haberdashery business," whatever the phrase may mean. If the tenant defendant of its own motion infringed upon the rights of the plaintiffs, the landlord defendant having no part in the act, we do not see that the landlord has violated its covenant "not to lease," etc. If, however, the landlord extended the lease of the tenant defendant after the lease to the plaintiffs, then this extension might be construed to be a new lease to the first tenant and a bill lie for an injunction against both, and incidentally against the infringing sales. In other words, there would be what patent lawyers call a contributing infringement.